■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMAS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 22, 1976, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. While there were some errors committed during the trial, none were of a prejudicial nature warranting a reversal (see *People v Crimmins,* 36 NY2d 230). We again call the attention of the trial bench to the mandate of CPL 710.60 (subd 6), which requires a hearing court to set forth for the record the reasons for its determination on a motion to suppress. That was not done in this case but the omission is not fatal if there is "a full and fair hearing on the motion to suppress and the record itself serves as an ample basis for review of the determination which was made" *(People v Russo,* 45 AD2d 1040). That is the case here. Furthermore, this court is empowered to make such findings (CPL

470.15, subd 1) if necessary. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.