■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DABNEY HALL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 15, 1978, convicting him of murder in the second degree (felony murder) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This appeal brings up for review an order denying defendant's motion to suppress the in-court identification of a witness to the shooting of one Alfred Clark. On August 11, 1976 two men entered a gypsy taxi cab with the intent to rob the driver. One of the perpetrators shot and killed the driver during the course of the attempted robbery. Seven months later John Jackson came forward and told Detective Bankhead that he had witnessed the incident. Jackson was shown a photograph array containing eight pictures. He chose two photographs which looked like the perpetrator who had been armed with a gun. One of the two chosen was a picture of the defendant. Jackson asked Detective Bankhead to produce enlarged photographs. The police officer then produced a larger photograph of the defendant and photographs of five persons not previously displayed. The police did not have an enlarged or larger photograph of the other person Jackson had initially singled out. We find the procedure used by the police to be unduly suggestive under the totality of circumstances (see *Simmons v United States*, 390 US 377). The process of displaying only the defendant's picture twice in a short span of time is fraught with the possibility that the identification resulted from the procedure used and not the witness' recollection *(People v Tindal*, 69 AD2d 58). Having found the procedure to be impermissibly suggestive, the inquiry is whether the People produced clear and convincing evidence that the witness had an independent basis for identifying the defendant *(People v Ballott*, 20 NY2d 600). Although the hearing court did not make any finding on the witness' independent basis for identification, the record is fully developed for this court to make an appropriate ruling (see *People v Thomas*, 58 AD2d 899). Jackson's testimony at the *Wade* hearing reveals that he was walking down the street where the crime took place. The gypsy taxi cab stopped in the middle of the block. Jackson heard one of the perpetrators announce the holdup. He further heard an ensuing argument between one of the perpetrators and the deceased and an argument between the perpetrators themselves. Thus Jackson's proximity to the taxi cab is apparent. The witness was standing on the driver's side of the street. The defendant was sitting in the back seat on the same side as the driver. Although it was dark, the cab was double parked underneath or very close to a street light. Jackson was able to see the face of the person seated behind the driver. The entire episode took approximately three to four minutes according to the witness. At some point the cab sped off and the perpetrator on the passenger side jumped or was thrown from the vehicle. Shortly thereafter a shot was heard. The defendant then exited the car and walked in Jackson's direction. Jackson was able to see the person's face for a second time. In light of the above, the witness clearly and convincingly had an independent basis for identifying the defendant *(Manson v Brathwaite*, 432 US 98, 114). We have considered the defendant's other contentions and find them devoid of merit *(People v Mackey*, 49 NY2d 274). Ac-

cordingly, the judgment is affirmed. Damiani, J.P., Mangano, Gibbons and Gulotta, JJ., concur.