## (March 4, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE M. HERNANDEZ, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 13, 1980, upon a verdict convicting defendant of the crime of murder in the second degree. Judgment affirmed. No opinion. Mahoney, P. J., Sweeney, Kane and Main, JJ., concur.

Levine, J., dissents and votes to withhold decision and remit to the trial court for further proceedings in the following memorandum. Levine, J. (dissenting). I respectfully dissent from the majority's affirmance in the instant case. On the basis of the record before us concerning the admissibility of the witness Blood's identification, decision should be withheld and the matter should be remitted for a further hearing on whether that identification should be suppressed, with appropriate findings by the trial court. Blood testified at the prior suppression hearing to having observed defendant twice on the morning of the homicide and having recognized him as the person she had seen on recent prior occasions in the neighborhood. Later that day, she went to the police station and gave a statement, and then was shown three individual

photographs of defendant, his accomplice, and the victim, all of whom she identified. The trial court denied the motion to suppress, and she was permitted to describe her observations of defendant's involvement in the homicide at the trial. Under the foregoing facts, the admissibility of Blood's in-court identification of defendant required the trial court to determine two issues and make appropriate findings, namely: (1) whether the station house photographic identification was unduly and impermissibly suggestive and, if so, (2) whether clear and convincing evidence was introduced by the People to demonstrate that Blood had an independent basis for her in-court identification (*People v Rahming,* 26 NY2d 411; *People v Ballot,* 20 NY2d 600). The trial court appears to have only determined the first of these issues when it stated: "It is the court's conclusion of law that the viewing of the three photographs by Patricia Blood after she had identified defendant in her statement, together with the opportunity she had to view defendant on the day in question and previously, does not constitute such an unfair showing as to preclude an in-court identification by the witness under the circumstances." In concluding that the station house viewing of the three photographs was not unfair, the trial court clearly was in error (*People v Hall,* 81 AD2d 644; *People v Tindal,* 69 AD2d 58). Having thus improperly determined the first issue, the court never reached a resolution of the second issue, as required for the admissibility of the in-court identification. While the court alluded to factors relevant on the second issue, we cannot read the necessary findings into its conclusion, particularly since there is nothing in the record to support the court's reference to Blood's identification of defendant in the statement which she gave to the police before the photographic display. This gap in the record is sufficient to make it inappropriate for us to review the entire record to determine on appeal whether there was an independent basis for the witness' identification in court (cf. *People v Hall, supra; People v Thomas,* 58 AD2d 899). I also note my disapproval of the court's ruling in the *Sandoval* hearing, which would have permitted the prosecution to have cross-examined defendant on various convictions, almost all remote in time, for the offenses of disorderly conduct, assault, and criminal trespass, and the basing of that ruling in part upon the underlying charges out of which those convictions arose. As a "fact-reviewing intermediate appellate court", our responsibility includes review of the trial court's discretion in *Sandoval* hearings (*People v Mackey,* 49 NY2d 274, 281; *People v Shields,* 46 NY2d 764, 765). To uphold the inclusion of such convictions for cross-examination purposes is, for all intents and purposes, to make a request for a *Sandoval* hearing an exercise in futility. Were this the only error, however, I would vote to affirm on the ground that in view of the evidence of guilt and defendant's record of convictions not excludable under *Sandoval,* no prejudicial error occurred (*People v Daniels,* 77 AD2d 745, 746). The decision should be withheld and the matter remitted to the trial court for further proceedings not inconsistent herewith.