■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JORDAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered October 13, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Heller, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

While our review of the trial record in this case reveals that there may have been grounds for a hearing on the issue of whether a gun which was recovered when the defendant allegedly abandoned it should have been suppressed *(see, e.g., People v Glover,* 82 AD2d 43), the defendant's papers in support of that branch of his motion which was to suppress physical evidence were grossly inadequate in that they stated

only conclusory legal grounds for the relief requested, which were not supported by sufficient allegations of fact (CPL 710.60 [1], [3]; *People v Reynolds,* 71 AD2d 1008; *People v Gomez,* 67 NY2d 843). Consequently, the summary denial of that branch of his motion was proper *(see, e.g., People v Roberto H.,* 67 AD2d 549, 552; *People v Washington,* 106 AD2d 593). We again call the attention to the Trial Bench to the mandate of CPL 710.60 (6), that the courts set forth on the record findings of fact, conclusions of law, and the reasons for the determination of a suppression motion *(see, People v Thomas,* 58 AD2d 899), and that such findings are required "[r]egardless of whether a hearing was conducted". The omission of these findings here is not fatal, as the defendant's moving papers were so plainly inadequate. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.