■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JONES, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Richmond County (San-

giorgio, J.), both rendered May 20, 1985, convicting him of attempted murder in the second degree under indictment No. 13/84, and robbery in the first degree under indictment No. 264/84, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

At the *Wade* hearing, the People presented only one witness to the shooting of gas station attendant Amos Kamara (hereinafter Kamara). The witness testified that on January 1, 1984, at approximately 1:30 A.M., while in his car at a gas station in Staten Island, he observed two men arguing with Kamara. About 30 seconds into the argument, another man, who was not one of the two men who were arguing with Kamara, later identified as the defendant, shot Kamara. The witness, who observed the actual shooting, had been watching the shooter for approximately one minute from a distance of about 10 feet, and saw about three fourths of the shooter's face. The gas station was well illuminated by overhead lights.

At approximately 5:00 A.M. on the morning of the crime, the witness described the shooter to detectives as a black male, with light brown skin, approximately 5 feet 9 inches tall, 23 to 24 years old, with "Jerri-curled" hair, and a medium to slender build. At the time of the crime, the defendant was 22 years old, 5 feet 10 inches tall, weighed 155 pounds, and had an afro. After viewing "a lot" of photographs, the witness selected a photograph of a person who "bore a similarity" to the shooter; however, the witness did not say it was the shooter. The photograph was not of the defendant. On January 6, 1984, the witness again viewed a number of photographs and identified the defendant as the shooter with "eighty percent certainty". Finally, on January 10, 1984, after viewing an array of photographs, the witness identified the defendant as the shooter with complete certainty.

The defendant argues that the repeated showing of his photograph or one which bore a resemblance to him to the witness within a 10-day period was impermissibly suggestive.

The issue is whether, under the totality of the circumstances of this case, the identification procedures, either individually or collectively, were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" *(Simmons v United States, 390 US 377, 384).* Two separate showings of the defendant's picture in an array

of photographs, without more, is not impermissibly suggestive *(see, People v Malphurs,* 111 AD2d 266, 268).

In any event, the People have also established by clear and convincing evidence that the witness's in-court identification had an independent origin based on his observation of the defendant prior to and during the commission of the crime from a short distance under good lighting conditions *(see, Manson v Brathwaite,* 432 US 98, 114; *People v Malphurs, supra).* Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.