■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. GLENN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered August 17, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not object to the adequacy of his plea allocution in the court of first instance or move to vacate his plea prior to sentencing and thus failed to preserve his claim for appellate review as a matter of law *(see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997; *People v Jones,* 109 AD2d 893).

In any event, a guilty plea will be upheld if it was entered knowingly, voluntarily and with understanding of its consequences *(North Carolina v Alford,* 400 US 25). Although there was some discussion on the record as to whether the gun was unloaded and/or inoperable, the defendant was well aware that he was pleading guilty to robbery in the first degree and was clearly informed of the necessary elements of this offense. The plea was, therefore, factually sufficient *(see, People v Boyle,* 111 AD2d 826; *People v Demonde,* 111 AD2d 867) and was otherwise sufficient to waive the defendant's constitutional rights *(see, People v Harris,* 61 NY2d 9).

Furthermore, the defendant's contention that the sentence imposed of 3 to 9 years was excessive is without merit. He was promised this sentence at the time he pled guilty and cannot now be heard to complain in this regard *(People v Kazepis,* 101 AD2d 816). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.