■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES THOMAS, Also Known as RICHARD SMALL, Appellant. —Appeal by the defendant from three judgments of the Supreme Court, Queens County (Zelman, J.), all rendered January 23, 1985, convicting him of burglary in the third degree and criminal mischief in the fourth degree under indictment No. 358/84, robbery in the first degree and robbery in the second degree under indictment No. 4150/84, and robbery in the first degree and robbery in the second degree (two counts) under indictment No. 4831/84, upon his pleas of guilty, and imposing sentences. The appeal from the judgment entered on indictment No. 4831/84 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion

which was to suppress identification testimony with respect to the charges set forth in that indictment.

Ordered that the judgments are affirmed.

On July 9, 1984, Richard Carnese was held at gunpoint by a man, later identified as the defendant, while an accomplice stole merchandise from Carnese's store. After providing the police with a description of the defendant, Carnese selected two photographs of the defendant. On August 24, 1984, the witness identified the defendant from a lineup after being notified by a police officer, who had not been present when Carnese selected the defendant's photographs, that he believed the person the witness identified by photograph would be present. The defendant argues that the repeated showing of his photograph in the array and the subsequent lineup were impermissibly suggestive.

The issue is whether, under the totality of the circumstances presented, the identification procedures either individually or collectively were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" *(Simmons v United States,* 390 US 377, 384). However, two separate showings of the defendant's picture in an array of photographs, without more, is not impermissibly suggestive *(see, People v Jones,* 125 AD2d 333, 334, *lv denied* 69 NY2d 829; *People v Malphurs,* 111 AD2d 266, 268, *lv denied* 66 NY2d 616, 920). Nor did the mere fact that the police officer told the witness that he believed the person that Carnese previously identified by photograph would be present in the lineup give rise to a substantial likelihood of irreparable misidentification *(see, Simmons v United States, supra).*

Here, nothing in the record indicates that the two photographs of the defendant selected by the witness were highlighted or made distinguishable in any way from the other photographs in the array *(see, People v Hall,* 81 AD2d 644; *People v Tindal,* 69 AD2d 58). That the witness chose two photographs of the defendant tends to strengthen rather than weaken the validity of the identification. The witness had a close-range, unobscured view of the defendant for at least 10 minutes while the defendant held the witness at gunpoint. Furthermore, the witness provided a detailed description of the defendant, made the photographic identification less than two hours after the crime, and identified the defendant from a lineup less than two months later *(see, Manson v Brathwaite,* 432 US 98).

Moreover, even if the identification procedures were found

to be improper, it would not require the suppression of the in-court identification testimony. The People have established by clear and convincing evidence that the witness had an independent source for the identification based on his observation of the defendant during the commission of the crime *(see, Manson v Brathwaite, supra; People v Hall, supra)*. Therefore, the court properly denied that branch of the defendant's omnibus motion which was to suppress the identification testimony with respect to indictment No. 4831/84.

The defendant also attacks the court's acceptance of his pleas under indictments Nos. 4150/84 and 4831/84 as improper under *North Carolina v Alford* (400 US 25). However, in failing to raise his objections to the adequacy of the plea allocution or move to vacate his pleas prior to sentencing, the defendant has waived his right to object to the adequacy of his pleas on appeal *(see, People v Pellegrino,* 60 NY2d 636; *People v Glenn,* 127 AD2d 787). In any event, we find that these pleas were entered knowingly, voluntarily, and with an understanding of their consequences *(see, North Carolina v Alford, supra)*. Therefore, the pleas were sufficient *(see, People v Harris,* 61 NY2d 9). Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.