■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SHAW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered December 5, 1984, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (DiTucci, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On August 1, 1983, at approximately 1:00 A.M., Dr. David Fleschner and his wife Chava were awakened from their sleep by two men in their bedroom demanding money. During the 20-minute robbery, one of the men, later identified as the defendant, ransacked the house. Initially, the bedroom was illuminated only by the television set. However, midway through the robbery the defendant turned on the bedroom lamp. Dr. Fleschner provided the police with a description of the two men and viewed about 100 photographs and selected a photograph of the defendant. He was then shown two series of Polaroid photographs, from which he selected several photographs of the defendant. At that time, Dr. Fleschner told the police that the defendant was the taller of the two perpetrators. At a lineup held approximately three months later, Dr. Fleschner immediately identified the defendant. The defen-

dant argues that the repeated showing of his photograph was impermissibly suggestive and that it was improper for the police, prior to the lineup, to inform Dr. Fleschner that the taller of the two perpetrators was in custody.

The issue on appeal is whether, upon an examination of the totality of the circumstances, the identification procedures individually or collectively were so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. We conclude that the separate showings of the defendant's photograph, without more, were not impermissibly suggestive *(see, People v Rodriguez,* 64 NY2d 738; *People v Thomas,* 133 AD2d 867; *People v Jones,* 125 AD2d 333, *lv denied* 69 NY2d 829).* Nor was it error for the police to inform the complainant that they believed that they had the taller of the two perpetrators in custody *(see, People v Rodriguez, supra; People v Thomas, supra).* The People should have maintained the two series of Polaroid photographs shown to Dr. Fleschner after he selected the defendant's photograph from the hundreds in the books. However, given the fact that there is no indication or even assertion by the defendant that these groups of photographs were suggestive, reversal is not required *(see, People v Jerome,* 111 AD2d 874, *lv denied* 66 NY2d 764).

Viewing the evidence, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them either to be unpreserved for review or without merit. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.