■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SUTHERLAND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered June 7, 1984, convicting him of murder in the second degree, attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Furthermore, the defendant's contention that the court erred in failing to suppress the complainant's in-court identification has not been preserved for appellate review since the defendant failed to make a motion to suppress or otherwise request suppression of the in-court identification *(see,* CPL 470.05 [2]; *People v Tutt,* 38 NY2d 1011). In any event, the claim is without merit. The complainant was shown a photo array containing the defendant's photograph on three different occasions extending over a 22-month period, with the last viewing taking place approximately two years before the complainant saw the defendant at the *Wade* hearing.

Under the totality of the circumstances present here, we are not persuaded that the identification procedure was " 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' " *(People v Jones,* 125 AD2d 333, 334, quoting *Simmons v United States,* 390 US 377, 384; *cf., People v Thomas,* 133 AD2d 867, 868).

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.