■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW ZACHAREK, Appellant.—Judgment unanimously affirmed. Memorandum: The police did not engage in an impermissibly suggestive procedure when they showed a second array to the victim after she had selected from the first array a photograph other than that of defendant. Unlike the facts in *People v Payne* (149 AD2d 542), the police did not tell the victim that the person she had previously identified was not her assailant and they did not suggest to her that the second array contained a picture of the person they suspected had robbed her. Moreover, the suppression court properly found that the victim had an independent source for her in-court identification testimony.

The verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). Not only did two witnesses identify defendant at the scene of the robbery, but defendant admitted to his brother that he committed the crime. Other evidence placed defendant near the scene of the robbery shortly after it occurred. Moreover, by hiding from the police, defendant showed a consciousness of guilt *(see, People v Leyra,* 1 NY2d 199).

The court properly commenced the trial in the absence of defendant. Defendant was informed of the date of the commencement of the trial and that, if he was not present, the trial could proceed in his absence. By voluntarily absenting himself, defendant waived his right to be present at trial *(see, People v Parker,* 57 NY2d 136).

We find no merit to defendant's contention that the court erred in permitting the prosecutor to introduce testimony of the pretrial photographic identification. It was defendant, and not the prosecutor, who first introduced this testimony in support of his theory of mistaken identification. (Appeal from Judgment of Onondaga County Court, Burke, J.—robbery, 3rd Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Lowery, JJ.