■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW TROIANO, Appellant. [603 NYS2d 328] —Appeal by the defendant from a judgment of the County Court, Suffolk

County (Namm, J.), rendered December 18, 1990, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was convicted of attempted robbery in the second degree in connection with his attempt to forcibly take the complainant's ring and pocketbook near the Huntington railroad station on the morning of November 8, 1989. On that same day, the complainant, after viewing approximately 200 slides, picked out three slides depicting a person who resembled her assailant. Some three weeks later on December 1, 1989, the complainant positively identified the defendant's photograph from a photographic spread of six photographs. It was subsequently learned that this photograph was identical to one of the three slides which the complainant had selected on the date of the incident as depicting a look-alike of the perpetrator. The defendant was arrested on December 13, 1989, and placed in two separate lineups. He was identified by the complainant in both lineups.

We disagree with the defendant's contention that the identification procedures employed in this case were unduly suggestive. The slide viewing on November 8 was not rendered unduly suggestive solely because three separate slides of the defendant appeared in a group of nearly 200 slides *(see, People v Thomas,* 133 AD2d 867; *People v Jones,* 125 AD2d 333), and nothing in the record indicates that the three slides were highlighted or made distinguishable in any way from the other 200 slides *(see, People v Thomas, supra; People v Hall,* 81 AD2d 644). Nor were the lineup and in-court identifications rendered unduly suggestive merely because the photographic spread of December 1, 1989, contained one of the defendant's photographs which had also appeared in the slide viewing of November 8. Under the totality of the circumstances of this case, the two separate showings of the defendant's picture three weeks apart was, without more, not impermissibly suggestive *(see, People v Jones, supra; People v Malphurs,* 111 AD2d 266).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We further find that the sentence imposed was not excessive. The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.