■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BERRY, Appellant. [607 NYS2d 401] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered May 4, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The complainant testified to the robbery of his vehicle, money, ring, and watch by the defendant and a cohort. The identification testimony was strong. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant argues for the first time on appeal that because his picture was different from the others in the photographic array as his photograph was the only one cropped at the hairline to excise his braids, and because he was the only person at the lineup whose hair was styled in braids, the pretrial identification procedures were unduly

suggestive and tainted the in-court identification. The defendant failed to preserve these claims for appellate review (see, CPL 470.05 [2]). In any event, they are without merit. Upon our examination of the record, including the lineup photographs and photographic array, we conclude that neither the lineup nor the photographic array was unduly suggestive. Moreover, the complainant had a strong independent source upon which to make his in-court identification of the defendant based upon his face-to-face observations of the defendant during the robbery under good lighting conditions (see, People v Ballott, 20 NY2d 600). Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.