■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURNIE E. DANIELS, Appellant. (Appeal No. 2.) [612 NYS2d 984] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: We reject defendant's contention that photographic arrays were unduly suggestive because defendant was the only person whose photograph appeared in both arrays. "Multiple photo identification procedures are not inherently suggestive" *(People v Chapman,* 161 AD2d 1156, *lv denied* 76 NY2d 854; *see also, People v Cordilione,* 159 AD2d 864, *lv denied* 76 NY2d 786; *People v Sheirod,* 124 AD2d 14, 18-19, *lv denied* 70 NY2d 656). The identification procedures occurred three days apart, defendant's photograph appeared in a different location on each array, and the photograph of defendant used in the second array was different from the photograph used in the first array. Defendant does not contend that either array was, by itself, unduly suggestive. Under the circumstances, we find no basis to disturb the suppression court's determination that use of defendant's photographs in the array procedures was not unduly suggestive.

Defendant pleaded guilty to all six counts of the indictment. He was sentenced, however, on only three counts charging burglary in the second degree. Because County Court failed to pronounce sentence on each crime for which defendant was found guilty, the matter must be remitted for resentencing on those counts for which no sentence was imposed *(see,* CPL 380.20; *People v Charles,* 98 AD2d 780; *People v Green,* 61 AD2d 1138). (Appeal from Judgment of Monroe County Court, Marks, J.—Burglary, 2nd Degree.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.