■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY VEENEY, Appellant. [626 NYS2d 844] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 17, 1993, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's conviction is predicated on two distinct incidents, one involving an attempted robbery and the second involving a completed robbery. These crimes were joined in one indictment. The trial court did not improvidently exercise its discretion in denying the defendant's motion to sever the two counts. The crimes, committed within approximately one week of each other at separate locations in Brooklyn, were properly joined under CPL 200.20 (2) (c), and the defendant did not show good cause why separate trials should have been ordered (see, People v McNeil, 165 AD2d 882; People v Ndeye, 159 AD2d 397). Further, we note that the court instructed the jury to consider the evidence of each robbery separately (see, People v Jones, 210 AD2d 430; People v Hall, 169 AD2d 778).

There is no merit to the defendant's argument that the

lineup was improper because the fillers were older than he. Lineup fillers need not be identical in physical characteristics to the defendant, but need only be reasonably similar in appearance *(see, People v Robert,* 184 AD2d 597). The hearing court, which examined the photographs of the lineup, found that the age differences between the fillers and the defendant were not apparent to the viewer and that the fillers bore a resemblance to the defendant. The hearing court found that the lineup was not suggestive, and its determination, under the circumstances, should not be disturbed on appeal *(see, e.g., People v Prochilo,* 41 NY2d 759). Moreover, " '[t]he fact that * * * the photograph[s] of the lineup were apparently lost sometime after trial does not give rise to an inference that the * * * lineup was suggestive, since the hearing court had the opportunity to view the photographs and determined that they were not unduly suggestive' " *(People v Robert,* 184 AD2d 597, 599, *supra; People v Gonzalez,* 168 AD2d 283).

Finally, the defendant's sentence is not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.