■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SABRINA BRYAN, Appellant. [644 NYS2d 25]

The fill-ins selected for defendant's lineup were not so dissimilar in appearance to defendant as to make her stand out (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). Although three of the four fill-ins, ages 42, 45 and 47, were older than defendant, who was 36 at the time, and only one was her age, all appeared to be roughly the same age, and, indeed, the complainant had described the assailant to the police as "in her forties" (*see, People v Gonzalez*, 173 AD2d 48, 56-57, *lv denied* 79 NY2d 1001). The minor height and weight differentials were minimized by having the participants sit (*see, People v Tyler*, 199 AD2d 102, *lv denied* 82 NY2d 931). And, although the fill-ins' hairstyles differed from defendant's, that fact is not significant where the complainant had merely described the robber's hair as "short", and defendant's hairstyle was not particularly uncommon or unusual (*see, People v Gega*, 188 AD2d 305, 306, *lv denied* 81 NY2d 886). Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.

■ UNION LABOR LIFE INSURANCE COMPANY, Respondent, v FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant. [643 NYS2d 566]

Each term in the bond issued by the non-party surety, if not specifically defined in the bond, "should be given its plain, ordinary and proper meaning" (*Dupack v Nationwide Leisure Corp.*, 73 AD2d 903, 905). So viewed, the language of the National Union Fire Insurance of Pittsburgh bond excludes coverage of plaintiff's loss because the loss was not on a note "executed" by a "customer" of plaintiff. Thus, that bond does not constitute "other insurance" within the meaning of defendant's bond. Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.