■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HINDS, Appellant. [730 NYS2d 230] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered December 1, 1997, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 15 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Upon our review of the lineup photographs, we agree with the hearing court's finding that the difference between defendant's hairstyle and the hairstyles of the fillers was insignificant and did not call undue attention to defendant (*see, People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833; *People v Bryan*, 228 AD2d 244, *lv denied* 88 NY2d 1019). Since the lineup was not suggestive, there is no reason to consider the issue of independent source.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal since it primarily involves questions of trial strategy and matters dehors the record regarding communications between defendant and counsel, and these are the type of matters that would require expansion of the record by way of a CPL 440.10 motion (*see, People v Rivera*, 71 NY2d 705, 709). To the extent that the existing record permits review, it establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). We note specifically that there is no reason to believe that the additional lines of cross-examination and argument that defendant claims his trial counsel should have employed at the hearing would have resulted in the suppression of any evidence. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.