■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEEN SMITH, Appellant. [751 NYS2d 498] —Appeals by the defendant from (1) a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered April 14, 2000, convicting him of robbery in the second degree (two counts), grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court imposed May 23, 2000, on the conviction of grand larceny in the fourth degree. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and amended sentence are affirmed.

The defendant's contention that the complainant's lineup identification of him was unduly suggestive because the fillers were older men than he is unpreserved for appellate review, since he failed to raise this specific contention at the *Wade* hearing (*United States v Wade*, 388 US 218; *see* CPL 470.05 [2]; *People v Velez*, 222 AD2d 625). In any event, there is no merit to the defendant's argument. Lineup fillers do not have to be identical in appearance to the defendant. However, they must be sufficiently similar so that no characteristic or visual clue would orient the viewer toward the defendant as the crime

perpetrator (*see People v Merisier,* 258 AD2d 535). The hearing court, which examined the photographs of the lineup, determined that the age differences between the fillers and the defendant were not apparent to the viewer and that the fillers bore a resemblance to the defendant. The hearing court determined that the lineup was not unduly suggestive, and its determination, under the circumstances, should not be disturbed on appeal (*see People v Jackson,* 98 NY2d 555; *People v Veeney,* 215 AD2d 605, 606). Florio, J.P., Krausman, Townes and Crane, JJ., concur.