■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM DUNLAP, Appellant. [780 NYS2d 171]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered July 12, 2002, convicting him of assault in the first degree (two counts), attempted robbery in the second degree (two counts), criminal use of a firearm in the first degree, assault in the second degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In determining whether a photographic array was "unduly suggestive" the hearing court should consider whether there was any substantial likelihood that the defendant would be singled out for identification (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Galletti,* 239 AD2d 598 [1997]). Two separate showings of a suspect's picture in successive photographic arrays are not per se impermissibly suggestive (*see People v Galletti, supra*; *People v Thomas,* 133 AD2d 867 [1987]; *People v Jones,* 125 AD2d 333 [1986]). Moreover, the fact that a suspect is the only person whose photo was repeated in successive photographic arrays, while a practice not to be encouraged, does not per se invalidate the identification procedure (*see People v Daniels,* 202 AD2d 987 [1994]; *People v Cordilione,* 159 AD2d 864 [1990]).

Although the defendant was the only person whose image was repeated in the successive photographic arrays, a different photograph of the defendant was used and his photograph was placed in different locations in the successive arrays. The fact that a photograph tentatively chosen by one of the victims from the first array was not included in the second photographic array shown to that victim three days later did not render the identification procedure unduly suggestive. In addition, the potential for irreparable misidentification such as where a witness repeatedly views the same photograph of a defendant until a positive identification results did not exist (*see People v Jones,* 171 AD2d 757, 758 [1991]).

Under the totality of the circumstances surrounding the pre-

trial identification (*see People v Logan,* 25 NY2d 184, 191 [1969], *cert denied* 396 US 1020 [1970]; *People v Carroll,* 200 AD2d 630 [1994]; *People v Jones,* 125 AD2d 333 [1986], *supra*), we agree with the hearing court's determination that the photographic arrays were not unduly suggestive. Thus, there is no basis to disturb the denial of that branch of the defendant's omnibus motion which was to suppress the identification testimony (*see People v Jones,* 171 AD2d 757, 759 [1991], *supra*). Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.