■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BIER, Appellant. [794 NYS2d 61]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered January 9, 2001, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We do not agree with the defendant's contention that the identification procedures, "either individually or collectively, were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" (*People v Jones*, 125 AD2d 333, 334 [1986] [internal quotation marks omitted]; see *People v Malphurs*, 111 AD2d 266 [1985]; *United States v Jarvis*, 560 F2d 494, 500 [1977]; cf. *People v Thomas*, 133 AD2d 867 [1987]). The complainant's various identifications were so distant in time from one another that the possibility that the procedure employed by the police prejudiced the de-

fendant was sufficiently mitigated (*see People v Jones, supra* [two viewings within 10 days]). Further, while it is impermissible for the police to indicate the correctness of a lineup identification, we cannot conclude from the record before us that the detective's comment following the complainant's first lineup identification was an endorsement or confirmation of the complainant's selection; rather, the comment was equivocal and merely an acknowledgment that she had completed that phase of the procedure. To the extent that such comment could be construed as a validation, it would only taint the subsequent further lineup identification of the same individual in a different sequence.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.