■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WILLIAMS, Also Known as WILLIE DANCY, JR., Appellant. [807 NYS2d 752]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 8, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Contrary to defendant's contention, County Court did not err in refusing to suppress the in-court identifications of defendant by eyewitnesses who had identified him in a photo array. The record establishes that the photo array initially shown to various eyewitnesses did not contain a photograph of defendant. Several eyewitnesses indicated that the perpetrator either was or resembled one of the men depicted in that initial photo array. A second photo array contained defendant's photograph but not that of the man identified in the initial photo array, and all of the eyewitnesses who made an identification in the second photo array identified

defendant as the perpetrator. Defendant contends that the identification procedure was unduly suggestive because the photograph of the man identified in the initial photo array did not appear in the second photo array. We reject that contention. The police did not inform any of the eyewitnesses who had identified the person in the initial photo array that he was not the perpetrator, nor did they suggest that the second photo array contained a photograph of the perpetrator (*see People v Zacharek*, 170 AD2d 1008 [1991], *lv denied* 77 NY2d 969 [1991]; *cf. People v Payne*, 149 AD2d 542 [1989]). "In addition, the potential for irreparable misidentification such as where a witness repeatedly views the same photograph of a defendant until a positive identification results did not exist" under the circumstances of this case (*People v Dunlap*, 9 AD3d 434, 435 [2004], *lv denied* 3 NY3d 739 [2004]).

Also contrary to defendant's contentions, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.