THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE TAYLOR, Appellant. [842 NYS2d 667]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered January 16, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We agree with defen-

dant that his waiver of the right to appeal does not "reflect[ ] a knowing and voluntary choice" (*People v Callahan*, 80 NY2d 273, 280 [1992]), and thus the waiver does not encompass defendant's contention that the identification procedures employed by the police were unduly suggestive. Nevertheless, we reject that contention. The initial photo array viewed by the victim did not include defendant's photograph, and the victim indicated that the individual in photograph number three "looked a lot like" the individual who had robbed him at gunpoint. Two weeks later, however, the police showed the victim another photo array in which defendant was the individual depicted in photograph number three, at which time the victim identified defendant as the perpetrator. The victim thereafter identified defendant as the perpetrator in a corporeal lineup in which defendant was standing in position number five. Contrary to defendant's contention, "[t]he police did not engage in an impermissibly suggestive procedure when they showed a second array to the victim" (*People v Zacharek*, 170 AD2d 1008 [1991], *lv denied* 77 NY2d 969 [1991]). The record does not support defendant's contention that the second photo array was conducted in an attempt to draw attention to defendant's photograph or to indicate that the police were urging the victim to make a particular selection (*see People v Martinez*, 298 AD2d 897, 897-898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]; *see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). We also reject defendant's contention that County Court erred in failing to conduct a sequential lineup. A corporeal lineup "generally provide[s] a reliable pretrial identification procedure" (*Chipp*, 75 NY2d at 335; *see also People v Hammonds*, 1 Misc 3d 880, 882-883 [2003]). Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.