THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEI BROWN, Appellant. [933 NYS2d 339]—

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. Successive photo arrays are not per se impermissibly

suggestive (*see People v Dunlap*, 9 AD3d 434, 435 [2004]; *People v Galletti*, 239 AD2d 598, 599 [1997]; *People v Daniels*, 202 AD2d 987 [1994]; *People v Thomas*, 133 AD2d 867, 868 [1987]; *People v Sheirod*, 124 AD2d 14, 18 [1987]). Further, the participants in the photo array were sufficiently similar to the defendant in appearance so that there was little likelihood that the defendant would be singled out for identification based on particular characteristics (*see People v Ragunauth*, 24 AD3d 472, 472 [2005]; *People v Wright*, 297 AD2d 391, 391 [2002]; *People v Williams*, 289 AD2d 270, 270-271 [2001]). There is also no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Granger*, 18 AD3d 774, 774 [2005]; *People v Green*, 14 AD3d 578, 578 [2005]). Here, the alleged variations in appearance between the fillers and the defendant were not so substantial as to render the lineup impermissibly suggestive (*see People v Smith*, 299 AD2d 566, 566-567 [2002]; *People v Blue*, 267 AD2d 317, 318 [1999]; *People v Bryan*, 228 AD2d 244 [1996]; *People v Berry*, 201 AD2d 489, 489-490 [1994]; *People v Simmons*, 158 AD2d 950 [1990]; *cf. People v Carolina*, 184 AD2d 520, 520-521 [1992]; *People v Moore*, 143 AD2d 1056 [1988]).

The defendant's contentions that his conviction was not supported by legally sufficient evidence and, in particular, that the People's theory of the case was improperly supported only by hearsay evidence, are unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the crimes charged. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.