■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN BROWN, Appellant.—Judgment, Supreme Court, Bronx County (John Collins, J., at *Wade* hearing; Elbert Hinkson, J., at plea and sentence), rendered July 18, 1986, convicting defendant upon his pleas of guilty of: attempted robbery in the first degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 7½ to 15 years; two counts of rape in the first degree and two counts of robbery in the first degree and sentencing him to two concurrent indeterminate terms of from 7½ to 15 years on the first rape and robbery counts to run consecutive to the two concurrent indeterminate terms of 7½ to 15 years on the second rape and robbery counts, these conservative sentences to run concurrent to the sentences imposed on the attempted robbery conviction, is unanimously affirmed.

Detective Maureen Kempton of the New York County Sex Crimes Squad conducted 18 lineups in which defendant was the suspect. Defendant conferred with his court-appointed counsel and selected a position in the lineup. Counsel had no objection to the lineup process. (Notably, we have already determined that the lineup was fair [People v Brown, 138 AD2d 983].) After six viewings, counsel spoke to defendant and left. Thereafter, two complainants from The Bronx viewed the lineups and identified defendant. One of these Bronx complainants had seen defendant's photograph in a newspaper.

In denying defendant's motion to suppress his lineup identification, the court found that although defendant's right to counsel had attached, the police in no way deprived defendant of that right. With regard to the newspaper photograph, the court determined that the police were not responsible for the publishing of the photograph. In addition, the fact that Detective Kempton was also present in the photo of defendant did not contribute to an irreparable misidentification.

Defendant urges that he was denied his right to counsel at the lineups because his attorney left before he effectively waived such right. Assuming that defendant's right to counsel had attached at the lineup procedure, he was not denied that right. Defense counsel was present for the commencement of the lineups, defendant conferred with counsel prior to entering the lineup, counsel had no objection to the lineup and counsel was present for 6 of the 18 identical lineups before she conferred with defendant and voluntarily left. Clearly, as the record reveals, the police did nothing to exclude counsel from the lineup proceedings. (Cf., People v Coates, 137 AD2d 192.)

Defendant asserts that because one of the complainants saw a photograph of him and Detective Kempton in a newspaper prior to viewing lineup, the lineup was improperly suggestive. However, since the evidence demonstrates that the complainant's viewing of the photo was fortuitous and not the result of police involvement, there was no due process violation. (See, People v Logan, 25 NY2d 184, 193.)

Defendant raises several claims which have not been preserved for review by this court as a matter of law, and we thus decline to reach them. (CPL 470.05 [2].) Were we to consider these claims in the interest of justice, we would nevertheless find them to be of no merit. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.