■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEON SAINSBURY, Respondent. [647 NYS2d 823] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated July 1, 1994, as granted in part, after a hearing, that branch of the defendant's pretrial motion which was to suppress identification testimony.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, that branch of the defendant's pretrial motion which was to suppress identification testimony is denied in its entirety, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant was initially arrested on March 27, 1991, for a robbery at a grocery store at gunpoint which occurred on March 25, 1991, based upon information provided by his alleged accomplice. However, when an eyewitness was unable to identify the defendant in a lineup, that arrest was voided.

On April 1, 1991, the defendant was identified from a photographic array as a perpetrator of a robbery which occurred on March 27, 1991, at another grocery store. On April 2, 1991, the defendant was arrested. At 8:15 P.M., and 8:19 P.M., respectively, the two victims of the March 27, 1991, robbery viewed the defendant in a lineup, but were unable to identify him. However, at 8:20 P.M., the victim of a robbery at another grocery store on March 15, 1991, viewed the lineup and identified the defendant as one of the perpetrators. Within the next hour, the defendant was identified from the lineup by four other robbery victims of three separate robberies, with some similarity in *modus operandi*. At 9:55 P.M. the defendant was identified from the lineup by yet another victim of a robbery which occurred at a bodega on December 31, 1990. The hearing court, after a hearing, suppressed these lineup identifications, holding that once the victims of the March 27, 1991, robbery were unable to identify the defendant, their photographic identification "could no longer provide a legal basis to detain him", and the police should have voided his arrest and immediately released him.

The police had probable cause to detain the defendant with respect to the first lineup (*see, People v Matthews,* 222 AD2d 703; *see also, People v Mosley,* 135 AD2d 662). The brief detention of the defendant after the victims of the March 27, 1991, robbery were unable to identify him did not violate the defendant's Fourth Amendment rights (*see, People v Hicks,* 68 NY2d 234; *cf., Adams v United States,* 399 F2d 574, 578, n 6, *cert denied sub nom. Roots v United States,* 393 US 1067). Contrary to the defendant's contention at the hearing, the People had no obligation to show the photographic array to each witness to establish probable cause for each lineup. Indeed, such a procedure would have decreased the reliability of the identifications (*see, Simmons v United States,* 390 US 377, 386, n 6). Mangano, P. J., Miller, Ritter and Altman, JJ., concur.