■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANZEL SMITH, Appellant. [798 NYS2d 911]—Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered May 10, 2002, convicting him of assault in the second degree (two counts), resisting arrest, obstructing governmental administration in the second degree, and violations of Vehicle and Traffic Law §§ 1163 (d) and 1180 (a), upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICE SMITH, Appellant. [799 NYS2d 569]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered October 30, 2002, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People were not

required to demonstrate probable cause to place the defendant's photograph in a photographic array (*see People v Watson,* 200 AD2d 643 [1994]). Moreover, the lineups were properly conducted while the defendant was lawfully in custody (*see People v Wright,* 270 AD2d 213 [2000]; *People v Sainsbury,* 231 AD2d 746 [1996]; *People v Crawford,* 221 AD2d 462 [1995]; *People v Griffin,* 161 AD2d 799, 800 [1990]).

The defendant contends that he was denied his right to testify before the grand jury on the ground that he was not provided prior notice of all the charges which were to be submitted to the grand jury. The defendant waived this contention by failing to move to dismiss the indictment on this ground within five days of his arraignment on the indictment (*see* CPL 190.50 [5] [c]; *People v Knight,* 1 AD3d 379 [2003]; *People v Wade,* 268 AD2d 448 [2000]; *People v Crosby,* 226 AD2d 472 [1996]). In any event, the People met their statutory obligation to provide notice of the grand jury proceedings against him when they gave him notice that the charges contained in a felony complaint against him were to be submitted to the grand jury (*see People v Perez-Tavares,* 238 AD2d 446 [1997]).

The defendant's contentions with respect to the trial court's instructions to the jury are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, the charge to the jury, when considered in its entirety, was adequate (*see People v Killebrew,* 297 AD2d 823 [2002]).

The record indicates that the People's witness with respect to the robbery which occurred on March 30, 2001, was provided an interpreter during the grand jury proceedings. There was no impairment of the integrity of the grand jury process (*see* CPL 210.35; *People v Caruso,* 125 AD2d 403 [1986]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.