■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY STEVENS, Appellant. [843 NYS2d 446]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 10, 1998, convicting him of murder in the second degree (three counts), manslaughter in the second degree, robbery in the first degree, burglary in the first degree, and assault in the first degree (two counts), upon jury verdicts, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Jenneman*, 37 AD3d 736, 737 [2007], *lv denied* 9 NY3d 866 [2007]; *see People v Myers*, 17 AD3d 699, 700 [2005]; *People v Davis*, 261 AD2d 411, 412 [1999]). The record supports the hearing court's decision to credit the testimony of the police witnesses, which established that the defendant's right to counsel had not attached when he made inculpatory statements to them, and that his statements were voluntary (*see People v Blanchard*, 279 AD2d 808, 810 [2001]).

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony based on a lineup. Contrary to the defendant's

contention, the lineup was lawful since he was already in lawful custody when he was placed in the lineup (*see People v Smith*, 21 AD3d 386, 387 [2005]; *People v Wright*, 270 AD2d 213, 214 [2000]). Further, the mere fact that the complainant who identified the defendant in the lineup had seen a newspaper photograph of the defendant as a possible suspect did not violate the defendant's due process rights, since the hearing evidence showed that her viewing the photograph was fortuitous and not the result of police involvement (*see People v Morales*, 228 AD2d 704 [1996]; *People v Brown*, 159 AD2d 411, 412 [1990]). Contrary to the further contention of the defendant, the identification procedure involving a photograph array was not unduly suggestive because of the differing skin tones of the subjects depicted therein (*see People v Arroyo*, 38 AD3d 792 [2007], *lv denied* 9 NY3d 839 [2007]; *People v Quinones*, 5 AD3d 1093 [2004]).

The defendant's contention that the evidence was legally insufficient to sustain his convictions is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Moore*, 37 AD3d 498 [2007], *lv denied* 8 NY3d 988 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility is primarily a question to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions, raised in points IV and VI through XI of his brief, are without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.