THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MCDONALD, Appellant. [918 NYS2d 784]—

The defendant failed to preserve for appellate review his claims that a lineup was unduly suggestive because of the purported disparities in height and weight between himself and the fillers, or because of a detective's comment to a witness that the police had arrested someone (*see* CPL 470.05 [2]; *People v Saunders*, 306 AD2d 502 [2003]). In any event, our review of the photographs of the lineup establishes that the fillers sufficiently resembled the defendant so as not to render the lineup unduly suggestive (*see People v Saunders*, 306 AD2d at 503). Moreover, the detective's comment likewise did not render the lineup unduly suggestive (*see People v Brennin*, 184 AD2d 715, 716 [1992]). Inasmuch as the lineup was not unduly suggestive, the defendant's contention that the Supreme Court should have held an independent source hearing because of the alleged undue suggestiveness of the lineup is without merit (*see People v Fields*, 66 AD3d 799 [2009]; *People v Brown*, 47 AD3d 826, 827 [2008]).

The defendant claims that the Supreme Court erred in refusing to continue the suppression hearing to allow defense counsel to further examine the credibility of the detectives who testified. The record, however, reveals that, rather than requesting that the hearing be continued, defense counsel merely urged the Supreme Court to closely examine the detectives' testimony and find that it was not credible. Thus, the defendant's current claim finds no support in the record.

The defendant contends that the evidence of the lineup identification should have been suppressed and that the Supreme Court erred by not conducting an independent source hearing because the police lacked probable cause to place him in the lineup in connection with the instant charges. The defend-

ant's claims are unpreserved for appellate review and, in any event, the contentions are without merit, since the lineup was conducted while the defendant was in custody on an unrelated case (*see People v Stevens*, 44 AD3d 882, 882-883 [2007]; *People v Smith*, 21 AD3d 386, 387 [2005]). The defendant also contends that he was deprived of his right to the effective assistance of counsel by counsel's failure to seek suppression of the lineup on the ground that the police did not have probable cause to place him in a lineup with respect to this case. That claim is without merit. Counsel is not ineffective for having failed to make a motion or request that, were it made, ought to have been denied (*see People v Caban*, 5 NY3d 143, 152 [2005]). Moreover, based on our review of the record, we find that the defendant was not deprived of his right to effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

By failing to move at trial to reopen the suppression hearing, the defendant failed to preserve for appellate review his current claim that trial testimony should have resulted in suppression of certain identification evidence (*see People v Esquiled*, 297 AD2d 687 [2002]; *People v Hossain*, 298 AD2d 599, 600 [2002]). Moreover, the defendant's claim that the Supreme Court should have reopened the suppression hearing sua sponte is without merit. As we observed in *People v Velez* (39 AD3d 38, 42 [2007]): "[T]he court has the discretion to reopen a suppression hearing if the defendant proffers new facts, which could not have been discovered with reasonable diligence before the determination of the motion, and which are pertinent to the suppression issue (*see People v Fuentes*, 53 NY2d 892 [1981]). The new facts need not, on their face, establish a constitutional violation, but they must be such 'that they would materially affect or have affected the earlier [constitutional] determination' (*People v Clark*, 88 NY2d 552, 555 [1996])." Here, the defendant failed to proffer such new facts at the trial.

The defendant failed to preserve for appellate review his claims regarding the prosecutor's summation, inasmuch as he did not object to the particular remarks at issue, made only general one-word objections (*see People v Salnave*, 41 AD3d 872, 874 [2007]), or failed to seek curative instructions or a mistrial when the Supreme Court sustained the objections (*see People v Muniz*, 44 AD3d 1074 [2007]; *People v White*, 5 AD3d 511 [2004]). In any event, the challenged remarks in the prosecutor's summation were either fair comment on the evidence, responsive to the arguments presented in defense counsel's summation (*see People v Montalvo*, 34 AD3d 600, 601 [2006]), reasonable infer-

ences drawn from the evidence (*see People v Bowman*, 58 AD3d 747, 748 [2009]), or within the broad bounds of permissible rhetorical comment (*see People v Torres*, 71 AD3d 1063 [2010]).

The defendant's general motion for a trial order of dismissal was insufficient to preserve for appellate review his current claims as to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.