Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered January 19, 2011, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant correctly contends that his waiver of the right to appeal is unenforceable. “[A] waiver of the right to appeal will not be enforced unless it was knowingly, intelligently and voluntarily made” (People v Callahan, 80 NY2d 273, 280 [1992]). “This determination must be made in the first instance by the trial court, which is in the best position to assess all of the relevant factors, including the reasonableness of the bargain, and the age and experience of the accused” (People v Bradshaw, 76 AD3d 566, 568 [2010], affd 18 NY3d 257 [2011]; see People v Callahan, 80 NY2d at 280; People v Seaberg, 74 NY2d 1, 11 [1989]). “While there is no requirement that the trial court engage in any particular litany in order to satisfy itself that these standards have been met, a knowing and voluntary waiver cannot be inferred from a silent record” (People v Callahan, 80 NY2d at 283).
Here, the record does not sufficiently demonstrate that the defendant validly waived his right to appeal, because the County Court failed to ensure that the defendant grasped the minimal information pertaining to the appeal waiver that it provided during the plea colloquy (see People v Bradshaw, 18 NY3d 257, 260 [2011]). Accordingly, in the absence of a knowing, voluntary, and intelligent waiver of the right to appeal, the defendant retained his right to challenge his sentence as excessive (cf. People v Lopez, 6 NY3d 248, 256 [2006]). Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
*784 Moreover, the defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.