■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, Appellant. [947 NYS2d 613]—

Contrary to the defendant's contention, the Supreme Court did not deprive him of his Sixth Amendment right to represent himself by denying his initial request to proceed pro se at the suppression hearing. "A defendant's request to represent himself 'must be invoked clearly and unequivocally' " (*People v Gillian*, 8 NY3d 85, 88 [2006], quoting *People v LaValle*, 3 NY3d 88, 106 [2004]). Here, the defendant's initial request to proceed pro se was not unequivocal because it was made in the context of expressing dissatisfaction with counsel's failure to highlight certain evidence at the suppression hearing, and did not "reflect an affirmative desire for self-representation" (*Matter of Kathleen K. [Steven K.]*, 17 NY3d 380, 387 [2011]; *see People v Scivolette*, 40 AD3d 887, 888 [2007]; *People v Mitchell*, 26 AD3d 159, 160 [2006]; *People v Hirschfeld*, 282 AD2d 337, 338 [2001], *cert denied* 534 US 1082 [2002]; *People v Rainey*, 240 AD2d 682, 683 [1997]). In any event, the defendant abandoned his request by subsequently acting in a manner indicating his satisfaction with counsel (*see People v Diaz*, 83 AD3d 958, 959 [2011]; *People v Scivolette*, 40 AD3d at 888).

Further, the Supreme Court providently exercised its discretion in denying the defendant's motion to reopen the suppression hearing to elicit testimony from two additional police officers. The defendant failed to show that these officers would have testified to new facts, not discoverable with reasonable diligence before the determination of the motion, that would have affected the court's ultimate determination of the issue of probable cause (*see* CPL 710.40 [4]; *People v Fuentes*, 53 NY2d 892, 894 [1981]; *People v McDonald*, 82 AD3d 1125, 1126 [2011]; *People v Miller*, 57 AD3d 568, 570 [2008]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Hernandez*, 96 AD3d 783 [2d Dept 2012]; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's contentions in his pro se supplemental brief relating to alleged *Brady* violations (*see Brady v Maryland*, 373 US 83 [1963]) are largely unpreserved for appellate review (*see People v Thompson*, 81 AD3d 670, 672 [2011], *lv granted* 18 NY3d 998 [2012]; *People v Murad*, 55 AD3d 754, 756 [2008]), and, in any event, are without merit. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.