■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST THOMAS, Appellant. [962 NYS2d 281]—

Appeal by the defendant from a judgment of the Supreme

Court, Dutchess County (Marlow, J.), rendered March 18, 2009, as amended March 19, 2009, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hayes, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment, as amended, is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. The participants in the photo array were sufficiently similar to the defendant in appearance so that there was little likelihood that the defendant would be singled out for identification based on particular characteristics (*see People v Brown*, 89 AD3d 1032 [2011]; *People v Ragunauth*, 24 AD3d 472, 472 [2005]; *People v Wright*, 297 AD2d 391, 391 [2002]; *People v Williams*, 289 AD2d 270, 270-271 [2001]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]; *see People v Jackson*, 97 AD3d 693, 694 [2012]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Jackson*, 97 AD3d at 694; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.