■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZERLENA THOMAS, Appellant. [15 NYS3d 221]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered March 25, 2014, convicting her of aggravated unlicensed operation of a motor vehicle in the first degree, operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2) (two counts), aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2-a) (a), reckless endangerment in the second degree, failure to maintain lane, and operating a motor vehicle without a license, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Ayres, J.), of the suppression of physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPL 200.20 (3) to sever the charges relating to the offenses that she committed on February 27, 2011, from those which she committed on March 23, 2012. Contrary to the defendant's contention, she failed to demonstrate that there was substantially more proof of one incident, as compared to the other, or that there was a substantial likelihood that the jury would be unable to consider separately the proof as it related to each incident (*see* CPL 200.20 [3] [a]; *People v Smith*, 64 AD3d 619, 620 [2009]).

However, as the defendant correctly contends, the Supreme Court should have suppressed two paper receipts that were recovered from her purse, which indicated that, prior to being stopped by police, she had patronized two bars on the night of March 23, 2012. The People failed to establish that the receipts were lawfully recovered pursuant to an inventory search, as there was no evidence the search was conducted in accordance with a standardized, written protocol (*see People v Gomez*, 13 NY3d 6, 10 [2009]). Nevertheless, the erroneous admission of

this evidence was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]). The evidence of guilt regarding the incident of driving while intoxicated on March 23, 2012, included, inter alia, proof from three officers who observed that the defendant appeared to be highly intoxicated, two officers who conducted field sobriety tests— one at approximately 4:30 a.m. and another at approximately 6:30 a.m., on which the defendant performed poorly—and scientific evidence indicating that the defendant had a blood alcohol concentration of .18. Thus, the evidence of guilt was overwhelming, and there was no reasonable possibility that the erroneously admitted evidence might have contributed to the defendant's convictions (*see id.* at 237).

The defendant's challenges to certain comments made by the prosecutor in summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Charles*, 57 AD3d 556 [2008]). In any event, with the exception of one comment, the remarks were either fair comment on the evidence or within the bounds of rhetorical comment (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]). With regard to that one comment, in which the prosecutor misstated the type of vehicle involved in an accident with the defendant on February 27, 2011, after which the defendant was charged with driving while intoxicated, that misstatement did not deprive the defendant of a fair trial (*see People v Bell*, 126 AD3d 993 [2015]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.