■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANEIRO CHAVEZ, Appellant. [23 NYS3d 389]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered November 7, 2012, convicting him of murder in the first degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress lineup identification evidence (*see People v Jackson*, 98 NY2d 555, 558 [2002]; *People v Chipp*, 75 NY2d 327, 335 [1990]). A review of the photograph that was taken at the lineup reveals that the lineup fillers possessed physical characteristics that were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup fillers and the defendant (*see People v Perkins*, 124 AD3d 915 [2015], *lv granted* 25 NY3d 1205 [2015]; *People v Solis*, 43 AD3d 1190, 1191 [2007]; *People v Pinckney*, 220 AD2d 539 [1995]; *People v Stephens*, 143 AD2d 692, 695 [1988]). A review of the photograph that was taken at the lineup also reveals that, contrary to the defendant's contention, any differences between the defendant's age and the ages of the lineup fillers were not discernable from their appearances such that the defendant was singled out (*see People v Mullings*, 88 AD3d 745 [2011]; *People v Pinckney*, 220 AD2d 539 [1995]; *People v Mattocks*, 133 AD2d 89, 90 [1987]). Moreover, the defendant's contention that he was singled out by virtue of the clothing that was worn by the lineup fillers is similarly without merit, as there was no evidence adduced at the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) which indicated that the witnesses relied on clothing in identifying the defendant (*see People v Cusimano*, 48 AD3d 475 [2008]; *People v Tinnen*, 238 AD2d 615, 616 [1997]; *People v Moore*, 193 AD2d 627 [1993]).

Viewing the evidence in the light most favorable to the prosecution, we find that the evidence was sufficient to prove

the defendant's guilt beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.