People v Bradley (2018 NY Slip Op 02481)





People v Bradley


2018 NY Slip Op 02481


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-07644
 (Ind. No. 182/14)

[*1]The People of the State of New York, respondent,
v
Israel Bradley, appellant.


Paul Skip Laisure, New York, NY (White & Case LLP [Charles R. Koster, Laura Logsdon, Elizabeth Stainton, Paul B. Carberry, and Louis O'Neill], of counsel) for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne Mondo, J.), rendered July 14, 2015, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The evidence at trial established that on November 25, 2013, at approximately 10:52 a.m., the defendant and another individual entered a smoke shop on Myrtle Avenue in Brooklyn and took money from the cash register. In addition, the defendant, at gunpoint, took money from the complainant, who worked as a cashier at the shop. Following a jury trial, the defendant was convicted of robbery in the first degree and robbery in the second degree.
The defendant's contentions that the photographic and lineup identification procedures were unduly suggestive is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contentions are without merit. The photo array consisted of the defendant's photograph and photographs depicting individuals who were sufficiently similar to the defendant in appearance such that there was little likelihood that the defendant would be singled out for identification based on particular characteristics (see People v Chipp, 75 NY2d 327, 336; People v Staton, 138 AD3d 1149, 1150, affd 28 NY3d 1160; People v Thomas, 104 AD3d 710, 711; People v Brown, 89 AD3d 1032, 1033). Furthermore, a review of the photograph that was taken at the lineup reveals that the lineup participants possessed physical characteristics that were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup participants and the defendant (see People v Chavez, 135 AD3d 952, 952; People v Jean-Baptiste, 57 AD3d 566, 567). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence.
The defendant further argues that the Supreme Court erred in denying his request for a jury charge on cross-racial identification. We agree. In People v Boone (30 NY3d 521, 535), the [*2]Court of Appeals held that where, as here, "a witness's identification of the defendant is at issue, and the identifying witness and defendant appear to be of different races, a trial court is required to give, upon request, during final instructions, a jury charge on the cross-race effect, instructing (1) that the jury should consider whether there is a difference in race between the defendant and the witness who identified the defendant, and (2) that, if so, the jury should consider (a) that some people have greater difficulty in accurately identifying members of a different race than in accurately identifying members of their own race and (b) whether the difference in race affected the accuracy of the witness's identification."
However, the failure to charge the jury with respect to cross-racial identification does not in our view mandate reversal in all cases. In Boone, the Court determined that there was no merit to the People's contention that any error in failing to give a cross-racial identification charge was harmless (see id. at 537). However, unlike Boone, where the facts did not permit a finding of harmless error, under the circumstances of the present case, the Supreme Court's failure to give a cross-racial identification charge constituted harmless error. The defendant identified himself as the individual shown in a surveillance video taken inside a deli adjacent to the smoke shop approximately 40 minutes before the robbery. A surveillance video taken outside the deli at that time showed the individual on the sidewalk walking past the smoke shop and entering the deli. Additionally, the surveillance video taken outside the deli showed the same individual entering and exiting the smoke shop at the exact time of the robbery. Immediately after the crime, the complainant gave a very precise and detailed description of the defendant to a detective, which included a unique identifying characteristic, namely, a brown birthmark on the white of the defendant's eye. During the arrest process of the defendant, the arresting detective immediately observed the distinctive marking on the defendant's eye. Under the circumstances, the error in failing to administer the charge on cross-racial identification was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the defendant would have been acquitted if not for the error (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's remaining contention is without merit.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court