People v Quigley (2018 NY Slip Op 03152)





People v Quigley


2018 NY Slip Op 03152


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-07152
 (Ind. No. 1718/15)

[*1]The People of the State of New York, respondent,
v
Carrie A. Quigley, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), rendered June 29, 2016, convicting her of driving while ability impaired in violation of Vehicle and Traffic Law § 1192(1) and speeding, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion, made during trial, to reopen the hearing with respect to the defendant's refusal to submit to a chemical breath test (see generally People v Smith, 18 NY3d 544, 547). The defendant failed to proffer new facts which were not discoverable with reasonable diligence before the determination of the motion that would have changed the refusal hearing court's determination (see CPL 710.40[4]; cf. People v Clark, 88 NY2d 552, 555; People v Fuentes, 53 NY2d 892, 894; People v Ekwegbalu, 131 AD3d 982, 984; People v Jackson, 97 AD3d 693, 694).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court