People v Irizarry (2020 NY Slip Op 03246)





People v Irizarry


2020 NY Slip Op 03246


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-10087
 (Ind. No. 16-00161)

[*1]The People of the State of New York, respondent,
v
Nathan Irizarry, appellant.


Samuel S. Coe, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio, Raffaelina Gianfrancesco, and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered September 5, 2017, convicting him of assault on a police officer (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
In the early morning hours of November 14, 2015, the Mount Pleasant Police Department received a report of automobiles drag racing on a public roadway in Mount Pleasant. An individual identified as the defendant was observed by Sergeant Michael McGuinn and Police Officer Luke Oliveri operating a distinctive racing-type car with only one functioning headlight. The defendant was directed to pull over to the side of the road. Rather than complying, the defendant fled the scene at a high rate of speed. One of the officers engaged in pursuit, but was unsuccessful in catching the defendant's car.
Shortly thereafter, the same two officers observed the defendant's car with the defendant behind the wheel. The officers were able to effect a traffic stop, and Sergeant McGuinn directed the defendant to step out of the car. The defendant refused to exit the car, and then he suddenly reversed the car at a high rate of speed, dragging Sergeant McGuinn several feet and striking Officer Oliveri. The defendant then drove away. Sergeant McGuinn and Officer Oliveri both suffered serious physical injuries.
The defendant eventually was arrested on an unrelated case and placed in a lineup. Both Sergeant McGuinn and Officer Oliveri identified the defendant as the perpetrator in the instant matter. After a jury trial, the defendant was convicted of two counts of assault on a police officer.
We agree with the County Court's determination to deny that branch of the defendant's omnibus motion which was to suppress lineup identification evidence. The defendant's contention that the lineup was unduly suggestive because he was the shortest person in the lineup [*2]and the only person with a "chin-strap" beard is without merit. Our review of the photographs of the lineup establishes that the fillers sufficiently resembled the defendant so as not to render the lineup unduly suggestive (see People v Smart, 142 AD3d 513, affd 29 NY3d 1098; People v Corea, 25 AD3d 563).
The defendant's further contentions regarding suppression of the lineup identification evidence are unpreserved for appellate review (see CPL 470.05[2]; People v Gregory, 160 AD3d 894), and, in any event, without merit. The defendant's contention that the police lacked probable cause to place him in the lineup in connection with this case lacks merit, since the lineup was conducted while the defendant was lawfully in custody on an unrelated case (see People v McDonald, 82 AD3d 1125; People v Smith, 21 AD3d 386). Moreover, a certain comment made to one of the witnesses regarding the defendant's arrest did not render the lineup unduly suggestive (see People v McDonald, 82 AD3d 1125; People v Green, 14 AD3d 578). Further, contrary to the defendant's contention, the lineup was not rendered unduly suggestive because the witnesses viewed his photograph in a photo array prior to the lineup. The present case does not involve a situation "where the witness tentatively selects more than one photograph of men resembling the perpetrator and, of the chosen photographs, only the defendant's picture is repeated in a second photographic array containing a small number of photographs not previously shown" (People v Malphurs, 111 AD2d 266, 268). Inasmuch as the lineup was not unduly suggestive, an independent source hearing was not required (see People v Marshall, 26 NY3d 495, 504).
Regarding the defendant's conviction of assault on a police officer with respect to Officer Oliveri, the defendant contends that the evidence was not legally sufficient to establish that he intended to prevent Officer Oliveri from performing a lawful duty or that he was aware that Officer Oliveri was near his vehicle when he suddenly reversed. This contention is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault on a police officer with respect to Officer Oliveri beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the two counts of assault on a police officer was not against the weight of the evidence.
The defendant's challenge to the County Court's instructions to the jury regarding the element of intent is unpreserved for appellate review (see CPL 470.05[2]; People v Padro, 75 NY2d 820; People v Prince, 136 AD3d 844), and, in any event, without merit. The court provided a meaningful response to the jury's inquiry and the charge, as a whole, conveyed the correct principles of law (see People v Drake, 7 NY3d 28; People v Fields, 87 NY2d 821; People v Weinberg, 83 NY2d 262).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court