People v Benshitrit (2020 NY Slip Op 04315)





People v Benshitrit


2020 NY Slip Op 04315


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-01184
 (Ind. No. 3374/14)

[*1]The People of the State of New York, respondent,
v
Nissan Benshitrit, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered January 15, 2016, convicting him of robbery in the first degree, attempted robbery in the first degree, robbery in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
This case involves two separate robberies. On April 14, 2014, the defendant entered a double-parked vehicle occupied by a one-year-old infant and began operating the vehicle in reverse. The vehicle's owner, who was standing outside the vehicle, stopped the vehicle and forcibly removed the defendant, who then fled the scene on foot. On April 24, 2014, the defendant entered a parked vehicle occupied by a 15-year-old passenger, turned on the ignition, and drove away. The defendant demanded money from the passenger while threatening her with a pair of pliers, demanded her cell phone, and then pulled over and released her, struggling to take her cell phone as she tried to exit the vehicle. On April 25, 2014, the defendant was arrested after an eyewitness to the April 14, 2014, incident saw the defendant on the street and alerted the authorities. After his arrest, the defendant was placed in a lineup, at which time the teenage passenger from the April 24, 2014, incident positively identified the defendant as the perpetrator in that matter.
The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPL 200.20(3) to sever the charges in the indictment as they related to each separate incident. The charges in the indictment were properly joined pursuant to CPL 200.20(2)(c), since the criminal conduct in each incident was nearly the same and each crime shared common elements (see People v Sutton, 151 AD3d 763, 765; People v Haywood, 124 AD3d 798, 801). Where offenses are joinable under CPL 200.20(2)(c), a defendant can seek a discretionary severance, but "severance will be granted only if he [or she] can persuade the court that the severance should be granted in the interest of justice and for good cause shown'" (People v Lane, 56 NY2d 1, 7, quoting CPL 200.20[3]). Here, the defendant failed to demonstrate that there was substantially more evidence of one incident, as compared to the other, and that there was a substantial likelihood that [*2]the jury would be unable to consider separately the evidence as it related to each incident (see People v Thomas, 131 AD3d 712, 712; People v Haywood, 124 AD3d at 800). Further, there is nothing in the record indicating that the jury was "unable to separately consider the discrete charges" (People v Haywood, 124 AD3d at 801 [internal quotation marks omitted]; see People v Thomas, 131 AD3d at 712). Because joinder was proper pursuant to CPL 200.20(2)(c), it is unnecessary to consider the defendant's additional argument that the court erred in determining that the counts were also properly joinable pursuant to CPL 200.20(2)(b) (see People v Haywood, 124 AD3d at 801).
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress identification evidence. "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (People v Baez, 172 AD3d 893, 893 [citation and internal quotation marks omitted]; see People v Chipp, 75 NY2d 327, 336). Here, a review of the lineup photograph reveals that the lineup fillers possessed physical characteristics that were reasonably similar to those of the defendant (see People v Chavez, 135 AD3d 952, 952). Moreover, the police took reasonable steps to conceal differences between the appearances of the lineup fillers and the defendant (see id.) by giving the participants the same color clothes to wear, having the participants seated during the lineup, and having them hold a card with a number in front of their bodies (see People v Baez, 172 AD3d at 894; People v Chavez, 135 AD3d at 952; People v Brown, 47 AD3d 826, 827). Although two of the fillers had noticeably longer beards than the defendant, it did not create a substantial likelihood that the defendant would be singled out for identification when considered together with other physical similarities between the defendant and the fillers (see People v Chipp, 75 NY2d at 336). In addition, contrary to the defendant's assertion, there was no discernable difference between the defendant's skin tone and that of the fillers, nor was their any noticeably significant difference in age between the defendant and the fillers (see People v Chavez, 135 AD3d at 952; People v Reyes, 60 AD3d 873, 874). Inasmuch as the lineup was not unduly suggestive, the defendant's contention that the court should have held an independent source hearing because of the alleged suggestiveness of the lineup is without merit (see People v McDonald, 82 AD3d 1125, 1125).
The defendant's contention that the lineup identification should have been suppressed because the police lacked probable cause to place him in the lineup is without merit, since the lineup was conducted while the defendant was in custody on an unrelated case (see id. at 1126; People v Stevens, 44 AD3d 882, 882-883).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court