People v Thomas (2020 NY Slip Op 05784)





People v Thomas


2020 NY Slip Op 05784


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-03262
 (Ind. No. 2099/17)

[*1]The People of the State of New York, respondent,
v
James Thomas, appellant.


Barry Krinsky, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered February 1, 2019, convicting him of assault in the first degree, assault in the second degree (two counts), menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress lineup identification evidence. "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (People v Baez, 172 AD3d 893, 893 [citation and internal quotation marks omitted]; see People v Chipp, 75 NY2d 327, 336). Here, a review of the lineup photograph reveals that the lineup fillers possessed physical characteristics that were reasonably similar to those of the defendant (see People v Chavez, 135 AD3d 952, 952; People v Johnson, 165 AD3d 1168, 1170). Moreover, the police took reasonable steps to conceal differences between the appearances of the lineup fillers and the defendant by having the participants seated during the lineups and wearing hats, and by having them hold blankets to cover any visible body marks (see People v Baez, 172 AD3d at 894; People v Chavez, 135 AD3d at 952).
We also agree with the Supreme Court's determination to admit into evidence the recording of a call to the 911 emergency number placed by one of the complainants, since the call falls within the excited utterance and presence sense impression exceptions to the rule against hearsay (see People v Legere, 81 AD3d 746, 749-750). Moreover, the admission of the recording of the 911 call did not violate the defendant's right of confrontation because the declarant's statements were not testimonial (see Crawford v Washington, 541 US 36; People v Nieves-Andino, 9 NY3d 12, 15; see People v Legere, 81 AD3d at 750). The information conveyed by the declarant [*2]during the 911 call was for the purpose of seeking medical and police intervention, and did not result from structured questioning (see People v Barnett, 163 AD3d 700, 703; People v Legere, 81 AD3d at 750).
The defendant's contentions that he was deprived of a fair trial by certain remarks made by the prosecutor during his opening and closing statements and by the Supreme Court's overruling of some of defense counsel's objections thereto, are without merit. The contested remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, or permissible rhetoric (see People v Jagota, 178 AD3d 852, 853; People v Garcia, 52 AD3d 734). In any event, to the extent that the challenged remarks were improper, any prejudice resulting therefrom was alleviated by the court's prompt curative instructions, which instructions the jury is presumed to have followed (see People v Murphy, 168 AD3d 880, 880; People v Lawson, 163 AD3d 996, 1000).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court